854 F.2d 1327
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Doris D. MATTHEWS, Petitioner,
v.
DEPARTMENT OF DEFENSE, Respondent.
 No. 88-3048.
 United States Court of Appeals, Federal Circuit.
 July 11, 1988.
 
 Before MARKEY, Chief Judge, NICHOLS, Senior Circuit Judge, and EDWARD D. RE*, Chief Judge.
 PER CURIAM.
 
 DECISION
 
 1
 The decision of the Merit Systems Protection Board (board), Docket No. SF075286C0725, denying Doris D. Matthews' (Matthews') petition for enforcement of an initial decision ordering Department of Defense to award Matthews back pay for any period during which she was able to work, 5 C.F.R. Sec. 550.805, is affirmed.
 
 OPINION
 
 2
 The board's opinion shows that it considered all the relevant evidence of record in finding that Matthews was not ready, willing, and able to work during the back pay period (August 26, 1986 to December 30, 1986). That the record contains some evidence that could support a contrary finding is not, without more, a basis for reversal. We must uphold the board's finding that Matthews' doctors did not release her to work until December 31, 1986 if the record as a whole discloses such relevant evidence as might be accepted by a reasonable mind as adequate to support it. See Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984); 5 U.S.C. Sec. 7703(c)(3) (1982). We conclude that the record discloses such evidence.
 
 
 3
 The board's finding that Matthews was unavailable for work during the back pay period establishes that Matthews is not entitled to back pay. 5 C.F.R. Sec. 550.805(c)(1) (1987).
 
 
 4
 We affirm on the basis of the board's opinion because we do not find the decision arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, or obtained without procedures required by law, rule, or regulation having been followed, or unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1982); see Hayes, 727 F.2d at 1537.
 
 
 
 *
 The Honorable Edward D. Re, Chief Judge, United States Court of International Trade, sitting by designation pursuant to 28 U.S.C. Sec. 293(a) (1982)